## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

WAYNE ADER,

    *Plaintiff*,

v.

MERCHANTS & MEDICAL
CREDIT CORPORATION, INC.,

    *Defendant*.

_____/

CASE NO. 1:16-CV-13961

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Doc. 15)

### I. RECOMMENDATION

Plaintiff Wayne Ader has brought suit against Defendant Merchants & Medical Credit, Inc. under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*. (Doc. 1.) For the reasons stated below, I recommend DENYING Plaintiff's motion for summary judgment. (Doc. 15.)

### II. BACKGROUND AND ARGUMENTS

The facts are not in dispute. The parties agree that Defendant failed to disclose that the debt it was attempting to collect from Plaintiff (account #6121228) was disputed by Plaintiff (in August, September, and October of 2016) when Defendant reported credit information to Experian Information Solutions, Inc., a credit reporting agency. Defendant properly reported two other account debts as disputed during this same time period. The

1

parties agree that Defendant is a debt collector and that Defendant was collecting a debt under the FDCPA. The sole issue is whether Defendant's failure to flag the debt in account #6121228 (the debt) as disputed violates §1692e(8) of the FDCPA.

This case was referred to the undersigned magistrate judge for full pretrial case management on November 15, 2016. (Doc. 4.) On September 1, 2017, Plaintiff filed a motion for summary judgment (Doc. 15,) Defendant responded (Doc. 18,) and Plaintiff replied. (Doc. 20.) The issues have been briefed, and all the arguments by the parties have been considered. Thus, the motion is ready for Report and Recommendation.

### III. ANALYSIS

#### A. Summary Judgment Standards

When a movant shows that "no genuine dispute as to any material fact" exists, the court will grant her motion for summary judgment. Fed. R. Civ. P. 56(a). In reviewing such motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot rest merely on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the nonmoving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the nonmoving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not, however, 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D. N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D. N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts

presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**B.     Analysis**

As indicated above, the sole issue is whether Defendant's failure to flag the debt in account #6121228 (the debt) as disputed when reporting the debt to the credit reporting bureaus violates 15 U.S.C. §1692e(8) of the FDCPA.[1] §1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Defendant contends that summary judgment in favor of Plaintiff should not be granted because Defendant's failure to report the account as disputed: (1) was not material; (2) was a bona fide error; (3) was not intentional and (4) should be forgiven because Defendant maintains procedures reasonably adapted to prevent the specific error at issue. (Doc. 18.)

---

[1] If Defendant had not reported the debt to a credit agency, Defendant would have "had no affirmative duty to report that the debt was disputed." *Jacques v. Solomon & Solomon, P.C.*, 886 F. Supp. 2d 429, 434 (D. Del. 2012). However, in this case, the parties agree that Defendant did report the debt to a credit reporting agency.

4

Case law has held that false statements by debt collectors are actionable under §1692e only if the statement is not only technically false but also materially false or misleading. *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012). I suggest that whether or not a debt is disputed is highly pertinent, i.e., material, information to a credit reporting agency. *See, e.g., Arellano v. Virtuoso Sourcing Group, LLC,* No. 17-cv-00681-H-WvG, 2017 WL 3993959, at *3 (S.D. Cal. Sept. 11, 2017)(collecting cases addressing materiality under §1692e(8) for standing purposes). Thus, an erroneous failure to flag a reported debt as disputed would also be a material violation of the Defendant's obligation to provide accurate information under the FDCPA, specifically §1692e(8). *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008); *accord, Paz v. Portfolio Recovery Associates, LLC*, No. 15C5073, 2016 WL 6833932, at *5 (N.D. Ill. Nov. 21, 2016). As noted in *Wilhelm*, "if a debt collector elects to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt." *Id*. at 418. (citing Federal Trade Commission relevant staff commentary on this portion of the FDCPA).[2] One recent court also noted that the "FDCPA itself unequivocally states that failure to communicate that a debt is disputed violates §1692e" with "no mention of 'materiality' as a requirement for liability" such that the "Seventh Circuit's gloss on the statute's 'false, deceptive, or

---

[2] The commentary cited also noted that when a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported, i.e., there is no post-report duty to update the information. *Id*. A "vast weight of authority" has confirmed there is no duty to update information after it is reported. *See, e.g., Gordon v. Syndicated Office Systems, LLC*, No. 16 c 4440, 2017 WL 1134489, at *2 (N.D. Ill. Mar. 27, 2017)(collecting cases); *accord, Spina v. Quality Asset Recovery, LLC*, No. 8-15-cv-2155-T-TBM, 2017 WL 2799440, at *3 (M.D. Fla. May 26, 2017).

misleading' language was not meant to override an explicit statutory directive[.]" Flores v. Portfolio Recovery Associates, LLC, No. 15C02443, ___ F. Supp. 2d ___, 2017 WL 5891032, at *4 (N.D. Ill. Nov. 29, 2017). Thus, the court opined, "[t]he specific provision of the FDCPA itself controls here, with no need to inquire into materiality." *Id.* Thus, it appears that Plaintiff has sufficiently alleged a violation of §1692e(8) and that Defendant has not argued any facts to create a genuine issue of material fact as to the violation itself.

To the extent that Defendant argues that the "total lack of detail provided to MMCC concerning the dispute" did not provide a sufficient basis for a legitimate dispute, this argument also fails since the FDCPA does not limit the obligation under §1692e(8) to disputes the defendant believes to be valid. *Mohamed v. Select Portfolio Servicing, Inc.*, 215 F. Supp. 3d 85, 97 (D.D.C. 2016); *Paz, supra* at *5 (The "FDCPA does not permit debt collectors to withhold the disputed nature of debts, even in instances when the debt collector considers that dispute invalid.").

Accordingly, Plaintiff has shown a violation of §1692e(8) and would be entitled to summary judgment absent a genuine issue of material fact as to any relevant defenses.

As to the bona fide error defense, a debt collector otherwise liable under the statute can claim a bona fide error defense under §1692k(c) "if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." This defense does not apply to situations where "a violation of the FDCPA result[s] from a debt collector's incorrect interpretation of the requirements of that statute." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 605-05 (2010).

6

Thus, errors of law, versus errors of fact, cannot provide a defense to an FDCPA violation. *Kort v. Diversified Collection Servs.*, 394 F.3d 530, 538 (7th Cir. 2005)(losing or not reading a letter would be an error of fact, but receiving and reading a letter but making an erroneous determination that the letter did not constitute a dispute would be an error of law).

In this case, Defendant contends that any violation was not done intentionally, the error was bona fide and that the error occurred despite its maintaining procedures adapted to avoid such errors. (Doc. 18.) Specifically, Defendant argues that the declaration of Greg Church sets forth the required and extensive training its employees undertake and the internal policies it uses to assure that accounts are accurately coded so that its reports are accurate. (Doc. 18 at ID 94-95, 96-99; Ex. 1.) Defendant further argues that after the single letter was received disputing all three accounts, two accounts were properly marked disputed thus tending to show that the failure to mark the one account out of three was a clerical rather than an intentional error. (Doc. 18 at ID 95-96.) Although Plaintiff argues that the declaration cannot speak for "mystery employees" who made the mistakes (Doc. 20,) I suggest that the arguments made by Defendant and the declaration evidence given in support of the arguments are sufficient to reveal a genuine issue of material fact as to whether Defendant would be entitled to the benefits of the bona fide error defense.

## IV.  CONCLUSION

For the above reasons, I recommend that Plaintiff's motion for summary judgment be denied.

7

## V. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140, 155; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. Willis v. Sec'y of Health & Human Servs., 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 9, 2018                                S/ PATRICIA T. MORRIS
                                                     Patricia T. Morris
                                                     United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: January 9, 2018                                 By s/Kristen Castaneda
                                                     Case Manager